LUEBKE, Respondent, vs. SALZWEDEL, Appellant.

*May 23—June 17, 1914.*

*Equity: Clean hands: Conduct in different transaction not a bar
to relief: Deeds: Delivery: Cloud upon title: New trial: Newly
discovered evidence.*

1. Inequitable conduct of the plaintiff in other or different trans-
actions is not a bar to equitable relief in the transaction in-
volved in an action, if he is otherwise entitled to that relief.
2. Thus, even if the plaintiff attempted or intended to defraud his
wife (who was about to sue for a divorce) by a conveyance of
his land which he neither delivered nor recorded, he is not de-
barred from equitable relief against the grantee named in such
undelivered deed who fraudulently or without his consent ob-
tained possession thereof and had it recorded.
3. A motion for a new trial on the ground of newly discovered evi-
dence was properly denied where such evidence was merely
cumulative.

APPEAL from a judgment of the circuit court for Brown
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*P. J. Winter* and *E. V. Werner,* and for the respondent on
that of *Llewellyn Cole.*

TIMLIN, J. This suit was brought by the plaintiff against his daughter, the defendant, to cancel a recorded deed of certain land belonging to plaintiff, which deed was executed at plaintiff's request by plaintiff's brother, from whom a deed was due to plaintiff, to the defendant as grantee, but never delivered, and also for the purpose of quieting plaintiff's title. It is a family quarrel, and there are charges and countercharges of fraud freely made involving plaintiff, defendant, and other members of the Luebke family.

The learned circuit judge found that the plaintiff was, during this period of strife and long before, in possession of the land in question, and that he got title by deed from his first wife, who thereafter died. Plaintiff married again and with his second wife conveyed the land to plaintiff's brother. His second wife secured a divorce, and plaintiff, contemplating making a contract for his support and maintenance with his daughter *Emma,* who is defendant, procured a warranty deed from his brother running to this daughter, but left it in the custody of another daughter for safe-keeping with instructions not to deliver it. The last mentioned daughter fraudulently and without the knowledge or consent of plaintiff delivered the deed to *Emma,* who, without plaintiff's knowledge or consent, had it recorded and then refused to enter into any agreement with plaintiff for his support and maintenance. Plaintiff's brother then executed another deed of the land directly to plaintiff. There is evidence to support these findings, and the conclusion based thereon that the plaintiff is owner and that the deed to *Emma* is void for want of delivery and a cloud on plaintiff's title and should be annulled follows legitimately. We cannot say these findings are against the clear preponderance of the evidence. It is argued that the plaintiff caused the deed which he and his second wife executed to plaintiff's brother and the deed from the latter to *Emma* to be executed for the purpose of defrauding this wife in the divorce suit soon to be instituted

and therefore he should not be heard in equity.   But this is
a misapplication of the equity rule or rules which deny
equity to the worker of iniquity, refuse to aid those in equal
delict, and require suitors to reach for their rights with clean
hands.   Neither of these rules considers inequitable conduct
in other or different transactions a bar to relief in the par-
ticular transaction under investigation if the plaintiff is
otherwise entitled to that relief.   Concretely, if *Carl Luebke*
·cheated or attempted to cheat his second wife out of this
land by a conveyance thereof which he neither delivered nor
recorded, that is no reason why his daughter should be per-
mitted to cheat him out of the land by fraudulently or with-
out his consent obtaining possession of the undelivered deed.
It is found as a fact resting upon evidence that there was no
delivery of the deed by the plaintiff or by any one for him to
*Emma.*   A. request for a new trial in the circuit court was
made, based upon the claim that the plaintiff made some
oral admissions to third persons to the effect that he had de-
livered the deed to *Emma.*   Such evidence was merely cumu-
lative to that given upon the trial by *Emma* and others and
the new trial was therefore properly denied.   Counsel have
made a very earnest and industrious effort to convince us of
error in the proceedings of the trial court, but we are unable
to say that the findings are against the clear preponderance
of the evidence or that any error of law intervened, so the
judgment must be affirmed.

*By the Court.*—Judgment affirmed.